379 So.2d 1140 (1980)
Curtis McCOY, Plaintiff-Appellee,
v.
Burton G. BURNS, Defendant-Appellant.
No. 14010.
Court of Appeal of Louisiana, Second Circuit.
January 22, 1980.
*1141 O. Bernard Boddie, Bossier City, for defendant-appellant.
James L. Fortson, Jr., Shreveport, for plaintiff-appellee.
Before PRICE, MARVIN and JONES, JJ.
PRICE, Judge.
Plaintiff filed this suit seeking damages for false arrest and malicious prosecution. The trial court rendered judgment in his favor and defendant appeals. We affirm.
This suit arose from plaintiff's arrest following a verbal altercation he had with defendant after a session of the Mansfield City Court in June 1978. Defendant had been in court that morning with his son and nephew who were charged with various traffic violations. Despite his efforts to present a defense on their behalf, both were convicted. After the judgments were rendered defendant began a vigorous protest to the court and was ultimately ordered to leave the courtroom. Upon reaching the sidewalk outside defendant continued his vehement protests as other litigants and court personnel began leaving after the adjournment of court.
Plaintiff, an off-duty police officer who had been present in court to testify on an unrelated matter, was among those leaving the courthouse at that time. As he emerged, defendant directed a statement to him to the effect that if a police officer ever attempted to follow him too closely in his automobile he would slam on his brakes in order to cause an accident. Plaintiff responded that such a maneuver would result in his arrest.
This response angered defendant even more and he began cursing in a loud voice and shaking his finger in plaintiff's face. Although plaintiff did attempt to brush defendant's hand away, he made no further response other than requesting defendant to leave the scene. Defendant refused and continued his verbal attacks on plaintiff. The Mansfield police chief was then summoned by another officer at the scene and he again instructed defendant to leave. Defendant responded by demanding that plaintiff be arrested. The police chief refused to do so and told defendant that if he wanted plaintiff arrested he would have to get a warrant.
Defendant left the scene and later the same day went to a justice of the peace who, upon defendant's insistence, issued a warrant for plaintiff's arrest on the charges of disturbing the peace and obscenity. Plaintiff was subsequently arrested, booked, and required to post bond to obtain his release. Approximately four months later the matter was presented to the grand jury which returned a no true bill.
After trial, the court rendered judgment in favor of plaintiff awarding him $2,500 in damages. Defendant appeals contending plaintiff failed to prove two essential elements necessary for a finding of malicious prosecution, i. e., a lack of probable cause and malice. He further contends the evidence *1142 was insufficient to support a judgment of $2,500. Neither contention has merit.
In Robinson v. Rhodes, 300 So.2d 249 (La.App. 2d Cir. 1974), writs refused 303 So.2d 178, this court stated the following regarding the burden of proof in suits for malicious prosecution:
... The burden ... is ordinarily upon plaintiff to prove both malice and the absence of probable cause. But the authorities have firmly established the rule that where a committing magistrate, without a trial, has discharged the accused, or the prosecuting officer has dismissed the charge, or where a grand jury has returned a nobill, there is a presumption of want of probable cause with the result that, in a suit for malicious prosecution based on that discharge, the burden of showing that he acted on probable cause and without malice is upon the defendant....
Several persons who witnessed the incident, including the chief of police, testified on behalf of plaintiff. These witnesses all agreed that plaintiff did not curse or raise his voice nor did he attempt to strike defendant. Their testimony also indicates defendant's actions were a result of a personal vendetta against the Mansfield police for arresting his son and nephew. The only contrary evidence presented was defendant's own testimony. Under these circumstances, we find defendant failed to overcome the presumption of malice and lack of probable cause.
Defendant's principal argument regarding the quantum awarded is that the trial court abused its discretion in awarding plaintiff $2,500 in absence of proof of any special damages beyond those which would normally ensue from the type of experience to which plaintiff was subjected. While we recognize that this amount is within the upper levels of the trial court's proper range of discretion, we do not find it to be a "clear abuse" warranting reduction by this court. Reck v. Stevens, 373 So.2d 498 (La. 1979).
The judgment is affirmed at appellant's cost.