GUIDRY, Judge.
This suit for malicious prosecution arose out of an incident which occurred on December 14, 1983, when plaintiff, Mrs. Jeanette W. Arceneaux, was arrested for shoplifting by the Lafayette City Police at the local Wal-Mart store. The trial court, in written reasons for judgment, found that plaintiff had established by a preponderance of the evidence the concurrent presence of the six necessary elements for successfully prosecuting a suit for malicious prosecution. Accordingly, the trial court rendered judgment in favor of plaintiffs (husband and wife) in the total sum of $30,000.00, following which defendants sus-pensively appealed.
The facts of this matter are not, in our opinion, in serious dispute, although there are conflicts present, vis-a-vis the testimony of plaintiffs and their witnesses and the witnesses for the defendant. The trial court accepted the credibility of plaintiffs’ witnesses and, in that determination, we can find no clear error. However, agreeing that the facts are as stated by plaintiffs and their witnesses, we ultimately conclude that the plaintiffs have failed to establish two essential criteria for the successful prosecution of an action for malicious prosecution, i.e., absence of probable cause for the institution of criminal action and the presence of malice.
The facts as found by the trial court, which we accept, are as follows.
On December 14, 1983, at approximately 4:30 p.m., Mrs. Jeanette W. Arceneaux (plaintiff) went to the Wal-Mart store to shop, mainly for Christmas presents. While in the toy section, she decided to purchase a G.I. Joe tank toy for her child. She found many and could not decide on which one to purchase until she chose the one which had a male figure inside rather than a female figure. Before she put the boxed toy into her shopping basket, she noticed a green price sticker on the box which apparently covered another price sticker. She was curious as to the difference in prices and attempted to lift the green sticker located on top with her fingernail. She was unable to lift the sticker sufficiently to expose the price on the lower sticker so she just smoothed it back in place with her finger. While plaintiff was meddling with the sticker on the box, Gary Copes, a full-time city police officer, employed part-time by Wal-Mart as a security *1039 guard, was observing plaintiff from a distance of about 10-15 feet away. After plaintiff left the toy section, Copes walked to the section and checked the other boxed G.I. Joe tank toys similar to the one chosen by plaintiff and noticed that all were tagged at a price of $17.87. In the meantime, plaintiff did other shopping and Copes positioned himself at the check-out counter to observe plaintiff at check-out. At check-out, Copes noticed that plaintiff was charged the sum of $8.58 for the boxed toy which she had placed in her shopping basket. After plaintiff payed for all of her merchandise and walked out, she was stopped by Copes, who identified himself as a security guard. He told her she was under arrest for shoplifting and to accompany him to a security area at the rear of the store. She complied and after they were in the room together with the assistant store manager, Copes told plaintiff that he had seen her change a price sticker on the G.I. Joe tank toy. Plaintiff responded that she did not change the price sticker and did nothing wrong. Thereafter, Copes called the local police. Plaintiff was taken out the back entrance of the store to the police station where she was booked and detained until she posted a bond of $50.50. Plaintiff then returned home, very upset, and told her children and her husband of the incident and charge. The next day an article on her arrest and charge was published in the local newspaper. She was arraigned on the charge in Lafayette City Court but on the day of trial, the charge was nolle prossed without explanation by the prosecutor.
The principal difference between the testimony of plaintiff and that of Corporal (now Sergeant) Copes surrounds the actions of the plaintiff at the toy counter. Copes testified that he saw plaintiff place another tag on the boxed toy while she was in the toy section. This is what Copes testified to and what is contained in his two written reports. The trial court stated, in its written reasons, that Copes’ two written reports indicated that he saw plaintiff take the price tag sticker off of another boxed toy and place it on the boxed toy which she ultimately placed in her basket. However, we have read and re-read the reports and do not find that Copes ever stated that he saw her take the price tag from another boxed toy and place it on the boxed toy which she ultimately placed in her basket. However, in any event, for purpose of this discussion, we accept the finding of the trial court that she did not, as Officer Copes testified, place the lower price sticker on the boxed toy. Rather, we accept the fact that Copes saw her meddling with the sticker and ultimately smoothing it out and placing the boxed toy in her basket.
The other conflict in testimony which the trial court points to is the fact that Copes testified that, after he took Mrs. Arceneaux to the security room, she did not appear to be upset, did not deny the charge and simply asked for a drink of water. The testimony of Mrs. Arceneaux to the contrary was that she was upset and that she did deny the charge. We do not consider this latter conflict as being critical or determinative of the ultimate issue to be resolved.
In Jones v. Soileau, 448 So.2d 1268 (La.1984), the Louisiana Supreme Court stated:
“The jurisprudence of the state recognizes a civil cause of action, based on fault under C.C. 2315, in favor of one “whose liberty has been interfered with in an unwarranted manner.” F. Stone, 12 La.Civil Law Treatise, Tort Doctrine, §§ 200-01, at 264-66 (1977). Like any other delict under C.C. 2315, such an “interference” must be based on fault of the defendant which causes the damage complained of in order for the plaintiff to recover....
... in Eusant v. Unity Industrial Life Ins., 195 La. 347, 351-52, 196 So. 554, 556 (1940), the court, quoting from an encyclopedia, stated that the elements of a malicious prosecution action are: (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the *1040 presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff. This test has been reaffirmed by this court on several occasions, most recently in Hibernia National Bank v. Bolleter, 890 So.2d 842, 843 (La.1980).3 ” (Footnote omitted).
The trial judge found that the six concurrent elements requisite for recovery were all satisfied. We agree that four of the elements are satisfied, i.e., the commencement of a criminal proceeding; legal causation by Copes and Wal-Mart; bona-fide termination in favor of plaintiff; and, damage resulting to plaintiff.
In finding the absence of probable cause or the presence of malice or both, the trial court stated as follows:
“I ... find the facts to be that defendant did not observe plaintiff with a price tag sticker in her right hand which she then placed on the boxed toy in her basket but rather when he first observed her she was in the process of lifting the price tag sticker from the boxed toy in her basket in order to see the price of the price tag sticker beneath it. This caused defendant to become suspicious and when Mrs. Arceneaux paid for the toy at a lesser price than similar toys were priced, he had the right to detain her to ascertain who had placed the lower priced sticker on the box or where she had obtained it. Had he done this he could have learned that it was not she who had placed the lower price tag on the box, but that it was already there and that she merely was attempting to lift the tag to see the price beneath it. His failure to make reasonable inquiry before he filed a criminal charge against her constitutes a reckless disregard of her rights in this matter.”
The trial court concluded that:
“Mr. Copes should have asked Mrs. Ar-ceneaux to explain what had happened, or at least he should have allowed Mrs. Arceneaux to volunteer the information. Without further inquiry as to who applied the sticker on the box, Mr. Copes lacked the requisite probable cause to have criminal charges filed agianst Mrs. Arceneaux. Given the chance, Mrs. Ar-ceneaux could have explained and with that, Mr. Copes’ reasonable suspicion soon would have dissipated.”
We cannot agree with the trial court’s conclusion. In our view, there is nothing in the record indicating that Mrs. Arceneaux was deprived of the right to state her explanation. Mrs. Arceneaux did testify that she vehemently denied the charge and, in reply, Copes said, “Ma’am, it’s too late ... I’m doing my report.” and that the store manager said, in response to Mrs. Arcen-eaux’s plea that she did not change any price tag and that the officer was wrong, “Ma’am, the store hired the officer as security and we have to go along with whatever he says”. In this latter connection, it is to be noted that, at the time of her initial detention, Mrs. Arceneaux did not state to either Copes or the store manager that she was meddling with the price tag purely out of curiosity, this testimony coming only at trial. In any event, accepting the facts as found by the trial court, we conclude that the circumstances were such as to provide probable cause for Copes’ belief that Mrs. Arceneaux had affixed a lower price sticker to a boxed toy which she ultimately purchased.
In deciding whether or not probable cause was present in a given situation, the trier of fact must examine the particular facts of the case and determine if the circumstances were such as to create an honest and reasonable belief, in the mind of the defendant, that the prosecuted party was guilty of the crime charged. Jones v. Soileau, supra; Coleman v. Kroger Co., 371 So.2d 1186 (La.App. 1st Cir.1979), writ denied, 372 So.2d 1041 (La.1979); Jefferson v. S.S. Kresge Co., 344 So.2d 1118 (La.App. 3rd Cir.1977).
The facts which we consider to sufficiently support Copes’ assertion that he reasonably believed Mrs. Arceneaux guilty of shoplifting are the following: (1) he observed Mrs. Arceneaux meddling with a sticker on the boxed toy; (2) he then *1041 checked other similar toys on the shelf and determined the price of the boxed toy which she had placed in her basket; and, (3) thereafter he observed her check-out and pay the price of $8.58 for a toy priced at $17.87. On the basis of these facts, we find that Copes, a trained police officer, had an honest and reasonable belief of plaintiff’s wrong doing in making the original charges and allegations against her.
As to malice, this element exists when charges and allegations are known to be false, where there is lack of probable cause for filing the charges, or where the lack of probable cause results from a wanton and reckless disregard of the rights of the aggrieved party.
Appellees argue that, under Young Oil Co. of La., Inc. v. Durbin, 412 So.2d 620 (La.App. 2d Cir.1982), defendant must affirmatively show that he acted with probable cause or without malice since the charge against Mrs. Arceneaux was nolle prossed by the prosecutor. We agree with this position. However, based upon the facts presented, we conclude that Copes neither knew that the charge he filed was false nor did he exhibit a wanton and reckless disregard of the rights of Mrs. Arcen-eaux. We find that, even if Mrs. Arcen-eaux had given the explanation upon being detained, which she gave at the time of trial, i.e., meddling with the sticker out of curiosity, we could still not conclude that Copes or Wal-Mart were bound to accept this explanation in default of being found guilty of malicious prosecution for the absence of probable cause or the presence of malice.
In sum, it is well settled that the existence of probable cause does not depend upon the objective state of facts as they actually exist but rather, on the defendant’s honest belief in making the original charges and allegations. We find the only conclusion which can be reached in this case is that the facts support a finding that defendant had an honest and reasonable belief that the plaintiff was guilty in making the original charges.
For these reasons, the judgment of the district court is reversed and set aside and plaintiffs’ demands against defendants dismissed with prejudice. Plaintiffs are cast for all costs at the trial level and on appeal.
REVERSED AND RENDERED.
LABORDE, J., dissents and assigns written reasons.
DOUCET, J., dissents for the reasons assigned by Judge LABORDE.