GUIDRY, Judge.
Plaintiff, John Charles Guillot, appeals a judgment of the trial court dismissing his suit for damages.
On July 26, 1986, John C. Guillot was arrested by the Sabine Parish Sheriffs Office on a charge of illegal use of weapons, a violation of La.R.S. 14:94. Guillot was arrested pursuant to a warrant issued by Justice of the Peace, Thomas Ebarb, on an affidavit executed by Wesley Dockens. Thereafter, on August 21, 1986, a bill of information was filed charging plaintiff with the crime for which he had been arrested. However, on September 19, 1986, the district attorney dismissed the prosecution. Subsequently, on October 30, 1986, this malicious prosecution suit was filed by Guillot. Defendant answered plaintiff’s suit and reconvened seeking damages for malicious prosecution in connection with the filing of Guillot’s civil action. The trial court dismissed plaintiff’s suit as well as defendant’s reconventional demand. Plaintiff appealed.
Testimony adduced at trial established that Guillot and Dockens maintain residences next to one another on Toledo Bend Lake in Sabine Parish, Louisiana. Initially, the two families got along well with each other. However, when Wesley Dockens’ son (Huey) moved into the Dockens home with his Doberman Pinscher, relations between the families began to deteriorate.
John Guillot admitted that, on the night of October 11, 1985, he fired his 20-gauge shotgun in the air over the Dockens’ dog’s head to stop it from barking. Sometime thereafter, there arose a dispute over the anchoring or beaching of a flatboat belonging to Dockens. Relations between the neighbors totally deteriorated on May 8, 1986, when an argument ensued between Greg Guillot, John’s son, and Huey Dock-ens in which Huey threatened Greg’s life. As a result of this occurrence, in an attempt to obviate any future violence, on May 9, 1986, Greg Guillot had Huey Dock-ens placed under a peace bond and John Guillot executed an affidavit charging Huey Dockens with disturbing the peace. For some unexplained reason, the order for the peace bond and the warrant on the disturbing of the peace charge were not served on Huey Dockens until July 25, 1986. Apparently, in response to this action by the Guillots, on July 25, 1986, Wesley Dockens executed an affidavit alleging John Guillot’s illegal use of a weapon in connection with the firing by Guillot of his shotgun over the head of Huey’s Doberman in October of 1985. The affidavit alleged that Guillot fired his gun over the Dockens’ trailer. John Guillot was arrested the next day.
Appellant urges on appeal that the trial court erred in finding probable cause for Dockens’ action in instituting a criminal prosecution against him and in finding an absence of malice on his part.
In Allen v. State, Through the Department of Health and Human Resources, 456 So.2d 679 (La.App. 5th Cir.1984), our brethren of the Fifth Circuit succinctly set out the law applicable to actions for malicious prosecution:
“Louisiana law has long provided for the action for malicious prosecution and holds that the action lies in cases where there is a concurrence of the following elements:
(1) the commencement or continuance of an original criminal or civil judicial proceeding;
(2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding;
(3) its bona fide termination in favor of the present plaintiff;
(4) the absence of probable cause for such proceeding;
(5) the presence of malice therein; and
(6) damage conforming to legal standards resulting to plaintiff.
Eusant v. Unity Industrial Life Insurance Assn, [195 La. 347, 196 So. 554 (1940) ] supra; Robinson v. Goudchaux’s, 307 So.2d 287 (La.1975); Hibernia National Bank of N.O. v. Bolleter, 390 So.2d 842 (La.1980), However, it should be noted that malicious prosecution suits are not looked upon with favor by Louisiana courts. Leaman & Co., Inc. v. Victory Iron Works, 411 So.2d *1303 666 (La.App. 4th Cir.1982). In order to be sustained, ‘a clear case must be established, where the forms of justice have been perverted to the gratification of private malice and the willful oppression of the innocent....’ Johnson v. Pearce, 313 So.2d 812 (La.1975); rehearing denied citing from Staub v. Van Benthuysen, 36 La.Ann. 467, 470 (1884).”
See also Arceneaux v. Copes, 497 So.2d 1037 (La.App. 3rd Cir.1986), writ denied, 501 So.2d 774 (La.1987). In this case, the first three listed elements are established. Appellant disputes on appeal the trial court’s determination with regard to elements (4), (5) and (6).
A panel of this court in Arceneaux v. Copes, supra, stated:
“In deciding whether or not probable cause was present in a given situation, the trier of fact must examine the particular facts of the case and determine if the circumstances were such as to create an honest and reasonable belief, in the mind of the defendant, that the prosecuted party was guilty of the crime charged. Jones v. Soileau, [448 So.2d 1268 (La.1984) ] supra; Coleman v. Kroger Co., 371 So.2d 1186 (La.App. 1st Cir.1979), writ denied, 372 So.2d 1041 (La.1979); Jefferson v. S.S. Kresge Co., 344 So.2d 1118 (La.App. 3rd Cir.1977).
[[Image here]]
As to malice, this element exists when charges and allegations are known to be false, where there is lack of probable cause for filing the charges, or where the lack of probable cause results from a wanton and reckless disregard of the rights of the aggrieved party.”
In his reasons for judgment, the trial judge stated:
“The court carefully considered all of the testimony elicited at trial and closely scrutinized the demeanor and tone of the witnesses while testifying. I am convinced after hearing all of the evidence that the defendant did not act with malice in seeking an arrest warrant against the plaintiff. The court was extremely concerned initially upon learning that the Dockens’ warrant was issued on the same date plaintiff had their son arrested. So often in our area we see cases when one side responds out of malice to a warrant by causing their own warrant to issue. However, after listening to Mr. and Mrs. Dockens and Mrs. Green, the court is convinced that defendant’s [sic] are not vindictive people, that they tried earnestly to avoid trouble with their neighbor, but only as a last resort sought the assistance of the criminal justice system in an attempt to settle the problems that had been brewing between the two families for some time.
Further, the court feels that there was probable cause to issue the warrant in question, even though the incident occurred some time prior to the warrant being obtained....”
We find the trial court’s determinations on the issues of probable cause and malice clearly erroneous.
La.R.S. 14:94 provides in pertinent part as follows:
“A. Illegal use of weapons or dangerous instrumentalities is the intentional or criminally negligent discharging of any firearm, or the throwing, placing, or other use of any article, liquid, or substance, where it is foreseeable that it may result in death or great bodily harm to a human being.” (Emphasis ours).
The event which formed the basis for Dockens’ charge against Guillot occurred some nine months before the filing of the affidavit which resulted in Guillot’s arrest. Dockens and his wife admitted that they did not see Guillot fire the gun. Rather, they simply heard the shot which Guillot later admitted firing in the air in an effort to stop their dog from barking. Dockens and his wife also readily conceded that shotgun pellets did not strike or rain on their trailer. In spite of this, Dockens swore in the affidavit that Guillot fired a shot over his home. The only evidence that Dockens could articulate to substantiate his claim that Guillot fired over his toiler was the alleged presence of some “pine straw” on a picnic table next to his trailer which he noticed the following morning. Finally, the record does not reflect any serious concern *1304 of Dockens or his wife over the incident until the charge was filed against Guillot some nine months later.
We find it more than coincidence that the criminal charge against Guillot was filed immediately after Dockens learned of the charge filed by Guillot against Huey Dock-ens. In fact, the testimony of both Mr. and Mrs. Dockens confirms that the charge against Guillot was in response to and retaliation for the charge filed against their son. In this connection, Wesley Dockens stated:
“Q. And it’s true that your son and Mr. Guillot and Mr. Guillot’s son did not get along, isn’t that correct?
A. Yeah, they got along real good there till he tried to accuse Huey of a bunch of stuff, and so we just had papers served on him, too.
Q. All right. When did that happen? A. About the same time he had papers served on Huey.” (Emphasis ours).
In the same vein, Mrs. Dockens testified as follows:
“Q. What led Mr. Dockens to filing the warrant for Mr. Guillot’s arrest?
A. ... and then he had charges against our son put on out there, well, we seen then that he was just going to keep on, keep on and trouble was really going to brew it up and so we better do something while we was ahead, and let the laws take a hold of it,’ cause we didn’t want to get in no trouble over it. And so that was the reason why.” (Emphasis ours).
Although the trial judge, in his written reasons for judgment, expressed serious concern about the fact that “the Dockens’ warrant was issued on the same date plaintiff had their son arrested”, he ultimately concluded that the charge was not filed out of vindictiveness but, rather, to secure assistance of “the criminal justice system in an attempt to settle the problems that had been brewing between the two families”. We find clear error in the trial court’s finding of probable cause for the charge and a lack of malice on the part of Wesley Dockens.
In our view, the facts surrounding the October 1985 incident, known by Mr. and Mrs. Dockens, were not such as to give rise to an honest and reasonable belief that Guillot intentionally discharged his 20 gauge shotgun in such a manner where it was foreseeable that such action might result in death or great bodily harm to them or any other human being. In sum, we find Dockens did not act in good faith, upon reasonable grounds or in “an honest and reasonable belief” in the guilt of Guil-lot, but rather, filed the charge with reckless disregard for the truth and the rights of plaintiff and for the express purpose of retaliation. See Jones v. Soileau, 448 So. 2d 1268 (La.1984) and Miller v. East Baton Rouge Parish Sheriff’s Department, 511 So.2d 446 (La.1987). In our view, the record overwhelmingly demonstrates that defendant acted with malice and without probable cause. '
It is well settled that damages are to be presumed when all other elements of a suit for malicious prosecution are satisfied. Jones v. Soileau, supra; Blackwell v. Blackwell, 479 So.2d 1085 (La.App. 3rd Cir.1985).
The record establishes that plaintiff was arrested in his home before visiting guests. His arrest was published in the local newspaper, causing further embarrassment. Guillot had to appear in court on two separate occasions before charges were dropped. Further, Guillot expended the sum of $500.00 for legal counsel. All factors being considered, we believe that a damage award to the plaintiff in the amount of $2,500.00 is reasonable.
For these reasons, we reverse the judgment of the trial court and judgment is rendered in favor of the plaintiff, John Charles Guillot, and against the defendant, Wesley Dockens, in the full sum of TWENTY-FIVE HUNDRED AND NO/100 ($2,500.00) DOLLARS, together with legal interest on such sum from date of judicial *1305 demand until paid. Defendant, Wesley Dockens, is assessed with all costs at the trial level and on appeal.
REVERSED AND RENDERED.