GOTHARD, Judge.
The defendant power company appeals a judgment in favor of a customer whom it prosecuted for unauthorized use of a movable, specifically electric current.
The incident from which this suit arises occurred on July 26, 1981. A meter reader employed by New Orleans Public Service, Inc. (NOPSI) notified the company’s investigator that he found the seal around a meter at 4715 Rhodes Drive had been cut and the “first drive gear” removed so that the meter would not record the correct amount of current going into the residence. The investigator then checked the meter personally and had the New Orleans police department issue a summons for violation of city ordinance number 828 MCS § 42, paragraph 38, to Mrs. Naomi Martin. The NOPSI investigator, Allen Fridley, testified *119 that it was company policy to prosecute the person in whose name the meter was registered and who was responsible for the monthly bill, in this case Mrs. Martin.
In response to the summons Mrs. Martin appeared in Municipal court on September 1, 1981 with counsel and pled not guilty. Trial was set for October 7, 1981, then continued on motion of the city attorney until October 14, 1981, when the city withdrew the charges.
Mrs. Martin and her husband, George Martin, filed the civil suit on August 26, 1982. Trial was first set for February 24, 1984 but was continued a number of times over a period of six years and eventually was heard in Civil District Court of New Orleans on May 30,1990 and July 13, 1990. The trial court rendered judgment in favor of Mrs. Martin from the bench and signed a judgment on July 25, 1990. That judgment awarded Mrs. Martin $4,500 with interest from date of demand plus costs. It dismissed the claim of George Martin, each party to pay its own costs. This appeal followed.[1]
This court must determine whether or not the judgment appealed from is clearly wrong.
The court’s reasons, rendered from the bench, are as follows:
The Court feels that Public Service was negligent in the handling of this claim. The Court is of the opinion that a discussion should have been had between Public Service personnel and this person. I am shocked to find out that if someone tampers with my meter the next step is that I am brought into court. I can see their reasoning to some degree but you would think that a more detailed investigation would be conducted.
The Court is of the opinion that they were negligent in causing this woman to go down to court on three occasions....
Let the record reflect that I am under the opinion that the system that was used in handling this matter constitutes negligence under 23:15 [LSA-C.C. art. 2315] and it was through their fault that this lady was falsely accused of being a thief. For these reasons there will be judgment accordingly.
NOPSI's defense is that Mrs. Martin was charged under a city ordinance with receiving the electricity, not with tampering with a meter. She received the benefits of the tampered meter. As NOPSI only rarely could prove who actually did the tampering, it was company policy to prosecute the customer. Mrs. Martin was treated no differently from other customers in her position.
Mrs. Martin testified that she first learned of the tampering when NOPSI employees and a policeman came to her home to cut off her service and to serve her with a summons. Allen Fridley, the NOPSI employee who went to Mrs. Martin’s house with the police officer, testified that his investigation showed that the electricity went to her house and no other. He testified further that Mrs. Martin must have known that she was receiving electricity in an unauthorized manner, because her bill was lower than before for several months. Another NOPSI employee, Alfred Brown, testified that he requested a billing history and compared her kilowatt consumption for March through August of 1981 to that shown on bills from 1977 to 1981. There was a noticeable decrease for the same period of time in 1981 over that of 1980. The company submitted a bill to Mrs. Martin for the electricity they estimated she had used but not paid for. Mrs. Martin testified that she and her husband spent most of the summer of 1981 at their summer cottage in Waveland, Mississippi, and the decrease in the bill was due to lowered use.
The plaintiff’s petition alleges malicious prosecution. The plaintiff in a suit for malicious prosecution must prove the lack of probable cause in a judicial proceeding against the plaintiff, the presence of malice, and damage conforming to legal standards resulting to the plaintiff. Guillot v. Dockens, 539 So.2d 1301 (La.App. 3rd *120 Cir.1989), writ denied 543 So.2d 19 (La.1989). The defendant has produced convincing evidence of probable cause in issuing the summons. It is clear that NOPSI employees handled the cause according to standard company procedure and the transcript contains no indication of malice in their proceeding against Mrs. Martin. Lastly, the plaintiff made no showing of actual damage, merely her irritation at having to appear in court. For the above reasons, we find that the trial court's judgment is clearly wrong and must be reversed. Any complaint the judge has regarding the ordinance under which the prosecution took place must be submitted to the legislative body of the City of New Orleans.
Accordingly, the judgment appealed from is reversed and the plaintiff’s claim dismissed, costs of this proceeding to be shared by the appellant and appellee.
REVERSED.

. The appeal was transferred to the Court of Appeal, Fifth Circuit, from the docket of the Fourth Circuit by order of the Supreme Court of Louisiana dated May 7, 1991.