SAMUEL, Judge.
Plaintiff, a subcontractor, filed this suit seeking $5,750, the alleged unpaid balance due for iron and iron works it furnished in the construction of the Sebastian Roy School in St. Bernard Parish. Named defendants are A. J. Toups Company, Inc., the general contractor, Maryland Casualty Company, the statutory bond surety and Leaman & Company, Inc., the Maryland insurance agent which handled the surety bond. The agent and the surety filed separate motions for summary judgment seeking their dismissal as parties defendant. Both motions were granted. Plaintiff has prosecuted this appeal from those summary judgments.
The claims against Leaman and the surety are based on the theory they are guarantors of the debt due by Toups. Plaintiff alleged their obligations as guarantors came into being as the result of an oral agreement reached at a meeting of plaintiff’s secretary-treasurer, Alexander As-prodites, Paul Leaman, Jr., president of the defendant agency, and A. J. Toups, president of the Toups corporation. The petition avers six months after the contract on the school construction was accepted this conference was called to discuss payment of $14,500 Toups owed plaintiff on the contract. Following the conference As-prodites accepted a $14,500 promissory note bearing 8% interest, drawn to plaintiff’s order, and signed “A. J. Toups Co., Inc., A. J. Toups”. The maker agreed to pay $500 per week plus interest but failed to make further payments after the principal balance had been reduced to the $5,750 in suit.
Although neither Leaman nor Maryland endorsed the note, plaintiff alleges: “Paul J. Leaman, Jr. assured petitioner that his company, Leaman and Company, Incorporated would ‘see to it’ that the installments on said note would be paid on time and regularly.” In addition plaintiff claims it was induced to accept the promissory note because both Leaman and Toups misrepresented to plaintiff it had an uncollectable debt in that the only hope of recovering what was due was by accepting the promissory note.
These are the further facts plaintiff pleads: Leaman was introduced as Toups’ bondsman; both men advised plaintiff’s representative that if his company filed suit, the general contractor would be forced out of business; neither Leaman or Toups pointed out plaintiff could recover the full amount by filing suit at that time against the surety; the Leaman agency played some role in collecting from Toups and forwarding payments to plaintiff; and the surety furnished some of the funds to meet these payments. When the Toups company defaulted, plaintiff’s claim against the surety had prescribed.
Each of the three litigants filed affidavits, respectively in support of and in opposition to, the motions for summary judgment. The surety, Maryland, filed the affidavit of Paul J. Leaman, Jr., who de *714 posed: (1) he was not authorized to act as Maryland’s agent in the transaction; and (2)Maryland furnished no funds to pay any of the principal or interest on the promissory note. As the record contains nothing to indicate the contrary, it is clear from the pleadings and affidavits that Maryland is not liable for the debt because it was not a party to the promissory note transaction through an agency relationship. Insofar as that defendant is concerned, there is no genuine issue of material fact and, as a matter of law, it is not liable on the note or as a result of the alleged note transaction. In accordance with LSA-C. C.P. Art. 966, Maryland was entitled to the summary judgment dismissing the suit against it.
Plaintiff contends the summary judgment dismissing its suit against Leaman is erroneous and should be reversed because, alternatively: (1) that defendant’s promise to pay the debt in the event Toups failed to do so is valid and enforceable; and (2) Leaman’s misrepresentation of the facts leading plaintiff to believe the debt was uncollectable to the extent that the only chance of recovery was by accepting the promissory note, by itself, is sufficient to result in liability.
We find no merit in the first ground. Assuming, but not deciding, Mr. Leaman’s alleged oral statement that he would “see to it” plaintiff was paid constitutes a promise to pay, it is readily apparent that plaintiff could not prove such a promise. Under LSA-C.C. Art. 2278(3) parol evidence is inadmissible to establish a promise to pay the debt of a third person. Nor can we hold, as plaintiff now argues, that this case comes within the exception to that rule because Lea-man had a financial interest in inducing plaintiff to accept a promissory note in lieu of filing suit against the surety. The several cases cited, including Wallenburg v. Kerry, 16 La.App. 221, 133 So. 823 and Collier v. Brown, 11 La.App. 567, 141 So. 405, do recognize pecuniary interest as an exception to the parol evidence rule of LSA-C.C. Art. 2278(3). In those cases the promissor had a pecuniary interest in guaranteeing the debt of a third party and parol evidence was permitted to establish the oral promise.
But here, although plaintiff did have the opportunity of establishing or pointing to some such pecuniary interest on the part of Leaman, its affidavit filed in opposition to the motion for summary judgment fails to mention any such interest. In view of that absence, we cannot speculate that such an interest might exist. Under LSA-C.C.P. Art. 967 when a motion for summary judgment is made and supported, the response on the part of the adverse party, by affidavits or otherwise, must set forth specific facts showing there is a genuine issue for trial. In this case there is no suggestion that pecuniary interest on the part of Leaman exists even to the point of raising an issue on that subject.
We reach an opposite conclusion regarding the second ground, misrepresentation. Although such a result now appears to be unlikely, it is possible that on the trial plaintiff may be able to prove Leaman did misrepresent the facts to such an extent the plaintiff, in reasonable reliance upon such misrepresentations or fraud, was deprived of an opportunity to collect the debt in suit from Maryland. Thus there is a genuine issue as to material fact on the sole question of misrepresentation or fraud by Leaman. As Leaman is not entitled to a summary judgment where there is a genuine issue as to material fact (LSA-C.C.P. Art. 966), that portion of the judgments appealed from must be reversed.
For the reasons assigned, the summary judgment in favor of Maryland Casualty Company and that portion of the summary judgment in favor of Leaman & Company, Inc. which relates only to the issue of the promise to pay the debt of a third person are affirmed. That portion of the judgment in favor of Leaman & Company, Inc. *715 which relates to the issue of misrepresentation or fraud is reversed and remanded to the Civil District Court for the Parish of Orleans for trial on the merits according to law; all costs to await a final determination.
Affirmed in part; reversed and remanded in part.