STOULIG, Judge.
Defendants, Luis Ortiz and Carl J. Selen-berg, attorneys, have appealed a judgment holding them individually liable for a $480.60 debt of Matthew Henderson, one of Selenberg’s former clients. It is plaintiff’s position that defendant Ortiz verbally guaranteed payment of the loan from funds received by the law firm in connection with Henderson’s workmen’s compensation claim.
On March 30, 1974, Henderson signed a note for $625.05 payable to plaintiff, Community Credit Center Corporation, which sum was remitted by plaintiff to a furniture dealer who had delivered certain merchandise to Henderson. On that same date, Henderson signed a document upon which plaintiff now relies in this case, which we quote:
‘AUTHORIZATION TO WITHDRAW MONEY
I, Mathew [sic] Henderson, of lawful age, hereby authorize the law firm Ortiz & Selenberg, 4526 Magazine St., New Orleans, La., who are my attorneys, to withdraw from my workmen compensation claim checks the sum of $75.00 per month to be paid to Community Credit Center, Inc., 4206 Washington Ave., New Orleans, Louisiana.
In the event a lump sum settlement of my claim is made, I hereby authorize my said attorneys to withdraw from the settlement check the total balance owed to Community Credit Center, Inc. at the time of the settlement.
The above referred to claim arose out of injuries suffered on the job while employed by Bertucci Excavating Co. on August 15, 1973.
TSignedl Matthew Henderson
Mattew [sic] Henderson
Witnesses:
TSignedl Carl J. Selenberg
TSignedl Mario A. Ortiz
SWORN TO AND SUBSCRIBED BEFORE ME THIS 30th DAY OF March. 1974.
TSignedl Luis Ortiz
NOTARY PUBLIC”
Defendant Carl Selenberg did forward two payments on account, one for $69.45 on April 18,1974 and one for $75.00 on June 4, 1974. On July 15, 1974, Henderson’s claim was settled for a lump sum payment of $3,250; however, Selenberg did not forward the balance due plaintiff because his client Henderson instructed him not to do so.
Under these circumstances neither defendant can be held individually liable for Henderson’s debt. Verbal testimony is inadmissible to establish a promise to pay the debt of a third party. C.C. art. 2278(3); Victory Iron Works, Inc. v. A. J. Toups Company, 261 So.2d 712 (La.App.4th Cir. 1972); and North Central Utilities, Inc. v. Sarver, 323 So.2d 173 (La.App.3d Cir. 1975). Therefore, plaintiff must rest its claim against appellants on the quoted authorization. There is nothing in this writing evinc *366 ing an intent by either defendant to guarantee the debt of Henderson. Plaintiff’s position that the defendants entered into a stipulation pour autrui for the finance company pursuant to C.C. art. 1890 is untenable. This document simply protects the attorney who distributes to a third party designated by the client a portion of the funds he received belonging to the client.
For the reasons assigned, the judgment appealed from is reversed and plaintiff’s suit is dismissed. Plaintiff is to bear all costs of this litigation.

REVERSED.