SAMUEL, Judge.
Plaintiff filed this suit for the balance due on a promissory note, naming the maker and apparent co-maker of the note, Thomas W. Bolleter and his wife Wanda T. *691 Bolleter, as defendants. Mr. Bolleter answered in the form of a general denial. Mrs. Bolleter also filed an answer, denying liability and averring the signature purporting to be hers was a forgery, and reconvened for damages for harassment. Thereafter the bank filed a third party petition against the manager of its branch where the loan originated, based primarily on the alleged lack of judgment of the manager in making the loan.
On the date of trial Hibernia dismissed Mrs. Bolleter as a party defendant, and the matter went to trial on the other issues, including Mrs. Bolleter’s reconventional demand.
Following trial, judgment was rendered in favor of the bank and against Mr. Bolleter in the sum of $7,889.66 (with specified interest and attorney’s fees). The third party demand against the branch manager and Mrs. Bolleter’s reconventional demand were dismissed. Mrs. Bolleter has appealed from the dismissal of her reconventional demand and that appeal is the only matter now before this court.
The record reflects that on January 28, 1975 Mr. Bolleter executed a promissory note to the plaintiff bank in the sum of $11,255.40. His wife’s name and apparent signature is on the note as co-maker. After the note was two payments in arrears the bank contacted or attempted to contact both Mr. and Mrs. Bolleter. It was unable to reach Mr. Bolleter, but was successful in contacting Mrs. Bolleter during the month of December, 1975. At that time she told Mr. Mancuso, a representative of the bank, she knew nothing of any loan and that she had not signed the note. The following month, January, 1976, Mrs. Bolleter furnished plaintiff with three samples of her signature.
Mr. Bolleter admitted the signature in question was not that of his wife, and so informed the bank after she had consulted with him in December, 1975 following plaintiff’s first contact with her. At that time he further told plaintiff the loan had been for his personal business, and not for a home improvement purpose as the bank originally had been informed.
Although the above information had been furnished to the plaintiff, on some additional occasions it did phone Mrs. Bolleter at her home and her place of business concerning the note. On one occasion plaintiff’s employees spoke to Mrs. Bolleter’s daughter and her sister when bank employees made a personal call at her apartment. Mrs. Bol-leter testified that as a result of this alleged harassment she went to considerable expense to consult physicians relative to her nerves and, after this suit was filed, to engage an attorney and a handwriting expert. According to Mrs. Bolleter, the harassment of which she complains consisted of phone calls from Mr. Mancuso, in a total of six or seven times, at her work and/or home, the above mentioned personal call at her apartment, and a call approximately nine months after the initial December, 1975 contact and after she had submitted samples of her signature to the bank when she was “dunned” by a Mr. Jones, another representative of the bank.
There is no question that Mr. Bolleter executed the note in suit, a fact which he admits. However, he claimed it was signed by him at a lounge in the French Quarter when he was intoxicated, Mrs. Bolleter was not present, and that the signature on the note purporting to be hers is not her signature. He testified he does not know who signed her name on the note.
In evidence is an opinion letter of Gilbert Fortier, an examiner of questioned documents, to the effect that his comparison of the signature on the note with that of Wanda Bolleter on documents in the public records, etc., shows her other signatures are not the same as that on the note.
The trial court found that although Mrs. Bolleter may have been disturbed by the suit, plaintiff was justified in proceeding in the manner it did because it was under no obligation to predetermine her legal liability without a full judicial evidentiary hearing, particularly in view of the fact that it was possible that the proceeds of the loan, which was made for community purposes, had been used in improvements on the com *692 munity home. It found Mrs. Bolleter was employed, earning community funds, and in the final analysis possibly could have had her own wages garnished to satisfy a community indebtedness. Although the trial judge found Mrs. Bolleter suffered some emotional trauma over the incident, it concluded she had no cause to seek redress against a plaintiff solely on the ground it had persisted in availing itself of the legal remedies to which it was entitled.
Appellant’s principal contention in this court is that she was libeled, defamed and slandered by the actions of the bank in filing suit against her when it knew or should have known she had no knowledge of the note, and that her signature on the note was a forgery. In this connection we observe that the reconventional demand is based only on alleged harassment, all of which occurred prior to the time this suit was filed and we cannot entertain an action for defamation, libel and slander presented for the first time by means of a brief in this court. In any event, plaintiff certainly had the right to file the suit and was under no duty to predetermine appellant’s legal liability. Nor can we conclude that appellant is entitled to a judgment based on harassment under the facts stated above. Even she did not find the callers rude, except upon one occasion when it appears Mr. Jones only informed her the bank intended to sue her.
It appears to us that appellant’s problems were caused by her husband, who did not inform her he had made such a loan, rather than by the bank, which has been unable to collect its substantial loan, a loan which may or may not have been used for improvements on the community property. As pointed out by the trial judge, the fact that appellant may have suffered emotional trauma over the incident is not in itself cause for seeking redress against the plaintiff which only persisted in availing itself of the legal remedies to which it was entitled.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.