390 So.2d 842 (1980)
HIBERNIA NATIONAL BANK OF NEW ORLEANS
v.
Thomas BOLLETER, a/k/a Thomas W. Bolleter and Wanda T. Bolleter.
No. 66157.
Supreme Court of Louisiana.
May 19, 1980.
On Rehearing November 10, 1980.
*843 Marshall J. Favret, New Orleans, for plaintiff-respondent.
Elmer R. Tapper, Chalmette, for defendants-applicants.
DIXON, Chief Justice.[*]
This writ was granted to review the denial of the claim of Mrs. Wanda T. Bolleter for damages for malicious prosecution. Plaintiff bank brought suit on a note on October 8, 1976 against Mr. and Mrs. Bolleter. Mrs. Bolleter answered, alleging that her signature was a forgery, and reconvened, claiming damages for harassment by employees of the bank in their efforts to collect the note. The bank then filed a third party petition against Mr. Wax, a branch manager, alleging that Mrs. Bolleter's signature would not be on the note except for the violation by Wax of good "banking principals (sic) and policies." Plaintiff dismissed its claim against Mrs. Bolleter on December 7, 1977, and the case went to trial on January 20, 1978. Mrs. Bolleter's reconventional demand was dismissed and the Court of Appeal, 375 So.2d 690, affirmed the district court's dismissal. We reverse the rulings of the lower courts and find that the record supports her cause of action for malicious prosecution.
In Robinson v. Goudchaux's, 307 So.2d 287, 289 (La.1975), this court defined the elements necessary to support a claim for malicious prosecution:
"... (1) The commencement or continuance of an original criminal or civil judicial proceeding.
(2) Its legal causation by the present defendant against plaintiff who was defendant in the original proceeding.
(3) Its bona fide termination in favor of the present plaintiff.
(4) The absence of probable cause for such proceeding.
(5) The presence of malice therein.
(6) Damage conforming to legal standards resulting to plaintiff."
There can be no dispute concerning proof of the first three elements. The lack of probable cause is also apparent. Probable cause to file suit is a question *844 which depends upon the particular facts as perceived by the person bringing the action. This court has held that public policy requires that all persons have the right to resort to the courts for redress of wrongs, and the law protects them when they act in good faith and upon reasonable grounds in commencing a civil proceeding. Johnson v. Pearce, 313 So.2d 812 (La.1975). Therefore, in order for the bank to be justified in bringing suit against Mrs. Bolleter it must have had sufficient facts within its knowledge to believe that it was more probable than not that she had signed the note. The facts show that the bank had no reason to believe that Mrs. Bolleter had signed the note. When Mrs. Bolleter was first contacted by Mr. Mancuso, a representative of the bank, in December, 1975, she told him that she did not sign the note and that she knew nothing about the loan. Mr. Bolleter testified at trial that he also told Mr. Mancuso that his wife did not sign the note. In January, 1976, one month after her initial contact with the bank, Mrs. Bolleter, through her attorney, furnished the bank with three samples of her signature. Mr. Richard, the bank employee who authorized the filing of suit, admitted at trial that it was apparent that the signature on the note and the signature on the cards supplied by Mrs. Bolleter were not the same. However, his belief was that claims like this (that a wife's name on a note was forged) tended to evaporate from the heat of vigorous legal action. Plaintiff's third party demand against Mr. Wax is evidence that the bank had no doubt that Mrs. Bolleter's signature had been forged. Specifically, plaintiff alleged that by not being present at the closing of the loan to Mr. Bolleter, Mr. Wax made it possible for a third party to forge the name of Mrs. Bolleter to the note. Shortly before the case went to trial the bank dismissed its claim against Mrs. Bolleter.
This court has held that where there is a lack of probable cause resulting from wanton and reckless disregard of the rights of the party sued, evincing absence of that caution and inquiry a party should employ before filing suit, malice will be inferred. Robinson v. Goudchaux's, supra; Bladg v. Giacomino, 170 La. 638, 128 So. 661 (1930). Malice is inferred in this case because plaintiff proceeded either with inexcusable indifference to the distress and expense caused Mrs. Bolleter, or with the intention to use the baseless suit to collect from her.
Damages are also to be presumed in a case where all other elements of a suit for malicious prosecution are satisfied. Robinson v. Goudchaux's, supra. As a result of the lawsuit, Mrs. Bolleter developed a nervous condition and found it necessary to seek medical help. Her monetary expenses include payment for the services of doctors, a handwriting expert, and her attorney. Although Mrs. Bolleter's reconventional demand (filed in propria persona) only listed damages caused by "harassment," C.C.P. 2164 provides that "[an] appellate court shall render any judgment which is just, legal, and proper upon the record on appeal." The Official Revision Comment to that provision states that "the purpose of this article is to give the appellate court complete freedom to do justice on the record irrespective of whether a particular legal point or theory was made, argued, or passed on by the court below." This court, therefore, should render such relief as the record supports. West v. Allen, 382 So.2d 924 (La.1980); Cox v. W. M. Heroman & Co., 298 So.2d 848 (La.1974).
The judgments of the courts below are reversed, and this case is remanded to the district court for further proceedings in accordance with this opinion, at plaintiff's cost.
DENNIS, J., dissents with reasons.
BLANCHE, J., dissents with reasons.
MARCUS, J., dissents with reasons.
MARCUS, Justice (dissenting).
I disagree with the finding of the majority that the record supports Mrs. Bolleter's cause of action for malicious prosecution. In my view, the record fails to demonstrate the absence of probable cause for the proceeding *845 instituted against Mrs. Bolleter and the presence of malice therein. Rather, plaintiff had probable cause to institute suit against Mrs. Bolleter, whose signature allegedly appeared on the note given by plaintiff to Mr. Bolleter for the purpose of obtaining her signature, despite her contention that the signature was forged. Accordingly, I respectfully dissent.
BLANCHE, Justice (dissenting).
I agree with the court of appeal. Plaintiff's problems were caused by her husband, who did not inform her that he had made the loan in question-a loan which may or may not have accrued to the benefit of the community.
DENNIS, Justice, dissenting.
I respectfully dissent. Although the majority opinion has correctly stated the rule of law pertaining to presumed malice, that rule is incorrectly applied in this case. A presumption of malice does not arise from a finding that there existed no probable cause for the institution of the original action by Hibernia Bank against Mrs. Bolleter for collection of the promissory note. In order for malice to be presumed, there must have been a wanton and reckless disregard for Mrs. Bolleter's rights by Hibernia. I do not believe that the evidence supports such a finding.
To support the presumption of malice, the majority relies on the following facts: both Mr. and Mrs. Bolleter said that the signature at issue was not hers; Mr. Richard testified that the signature at issue was dissimilar to those furnished by Mrs. Bolleter for comparison; the Bank instituted a third party demand against a bank officer who was responsible for the note's validity, and, the suit against Mrs. Bolleter was dismissed before trial. These facts do not show a reckless and wanton disregard of Mrs. Bolleter's rights. Moreover, the majority fails to note that a bank officer personally asked Mrs. Bolleter to submit an affidavit that the signature was a forgery. She refused to execute such an affidavit. A similar request was made through her attorney, but no affidavit was ever filed.
As is noted by the majority, persons are to be encouraged to enforce their rights through the orderly processes of the courts and not dissuaded from doing so. To insure the freest use of the system, it is required that plaintiff show defendant's malice in instituting a prior unfounded suit, or show that the suit was instituted with no regard for the rights of plaintiff. Under the facts presented in this case, malice, actual or implied, has not been proven by the plaintiff.

ON REHEARING
CALOGERO, Justice.[*]
On original hearing we reversed the trial and appellate court judgments in favor of plaintiff, Hibernia National Bank of New Orleans, and found in favor of Wanda Bolleter on a claim for malicious prosecution. The Court majority correctly set out the elements necessary to support a claim for malicious prosecution and then, upon a thorough review of the record, found that the requirements necessary for Mrs. Bolleter to prevail had been proven. We remanded the case to the trial court for a determination of damages.
The bank filed an application for rehearing which we read as incorporating an exception of no cause of action, pled in these proceedings for the first time. We granted the rehearing primarily to consider that exception.
The facts pertinent to this inquiry are as follows. On January 28, 1975, a promissory note was executed for $11,255.40. Mr. and Mrs. Bolleter's names and apparent signatures appeared on the note. Subsequent to a default on the note, plaintiff, being unable to locate Mr. Bolleter, contacted Mrs. Bolleter in December of 1975. At that time Mrs. Bolleter informed the plaintiff that the signature on the note was not hers. After being contacted again, on January 8, 1976, Mrs. Bolleter sent her husband's attorney *846 to the bank with three different samples of her signature to enable the bank officers to determine for themselves that the signature on the note purporting to be hers was in fact a forgery. As pointed out in the majority opinion, Mr. Richard admitted at trial that he could see that the signature on the note did not match those on the samples submitted by Mrs. Bolleter. Although Mrs. Bolleter was contacted several more times by the bank's officers about the note, she repeatedly told them that the signature on the note was not hers and that she had received no money from the bank. Notwithstanding Mrs. Bolleter's assertions that the signature was a forgery, and the bank officer's own admission that the signature on the note did not match that of Mrs. Bolleter's samples, the bank filed suit against both Mr. and Mrs. Bolleter on October 8, 1976. On November 10, 1976, Mrs. Bolleter filed an answer and a reconventional demand specifically stating that the signature on the note was not hers but rather was a forgery. Plaintiff maintained the action against Mrs. Bolleter for over another year, thereby causing her expense, and presumably consternation as well. However, on December 15, 1977 the bank dismissed its action against Mrs. Bolleter with prejudice. Trial of the lawsuit against Mr. Bolleter commenced on January 20, 1978.
Plaintiff correctly argues that termination of the civil proceedings which are contended to have been maliciously prosecuted is an essential element for a successful action for malicious prosecution. Robinson v. Goudchaux's, 307 So.2d 287 (La.1975). It is argued that Mrs. Bolleter's claim should be barred as not stating a cause of action because the reconventional demand which initiated the action was filed before the termination of plaintiff's suit against her on the note, and no supplemental pleadings asserting the termination were thereafter filed in the trial court.
Plaintiff's position is without merit. First of all, this Court on original hearing gave Mrs. Bolleter relief by applying C.Civ.P. art. 2164 and rendering a judgment which was determined to be "just legal and proper upon the record on appeal." The posture of Mrs. Bolleter's pleadings during the pendency of the litigation in the trial court is consequently not controlling. Furthermore, as relates to the possibility of denying Mrs. Bolleter relief for malicious prosecution because at the time the reconventional demand was filed the bank's prosecution had not yet been terminated, we conclude that the pertinent point in time for construing the availability of a malicious prosecution action was, in this case, at the outset of trial. When trial commenced, the bank's lawsuit against Mrs. Bolleter had, on the bank's own motion, been dismissed with prejudice. The exception of no cause of action is overruled.
One other matter we deem worth noting, bearing on the question of whether the record supports a finding of malice on the part of the bank, is the matter of the bank's asking Mrs. Bolleter for an affidavit of forgery, and not receiving it prior to the decision to sue her. The bank argues that Mrs. Bolleter refused to sign an affidavit of forgery. Mrs. Bolleter testified that the "affidavit of forgery" she was told about purportedly was to be an attestation by her that her signature to the note had been affixed by her husband.[**] Mr. Jones, a bank employee working in the collection department, read notations from his file on the Bolleter account which provided, "9/15. Phoned her attorney. Talked to him. Said he did not believe she [Mrs. Bolleter] would sign an affidavit against husband." Mrs. Bolleter testified that if she had been asked to sign an affidavit only stating that the signature was a forgery, and not implicating her husband, she certainly would have signed it.
*847 We concluded on original hearing, and again conclude here, that Mrs. Bolleter's refusal to sign an affidavit implicating her husband is no indication to a reasonable person that she was refusing to swear to the pertinent matter under consideration, that is, that she had not placed upon the note the signature which, even to the bank officer, was obviously not her own. The ostensible refusal to sign the "affidavit of forgery", upon which the bank presumably relied, does not excuse the bank's actions in this case.
For the reasons assigned, we reinstate the original judgment and opinion of this Court.
DENNIS, J., dissents.
BLANCHE, J., dissents.
MARCUS, J., dissents.
LEMMON, J., recused.
NOTES
[*] Chief Judge Frederick Stephen Ellis, Louisiana Court of Appeal, First Circuit, participated in this decision as an Associate Justice Ad Hoc.
[*] Honorable Paul B. Landry, Jr., participated in this decision as an Associate Justice Ad Hoc.
[**] There is of course a significant difference between asking Mrs. Bolleter to swear she did not sign the note and asking her to swear that her husband forged her name to the note. Mrs. Bolleter may well have been, indeed probably was, ignorant as to who placed her "signature" on the note.