411 So.2d 666 (1982)
LEAMAN & COMPANY, INC.
v.
VICTORY IRON WORKS, INC., et al.
No. 12600.
Court of Appeal of Louisiana, Fourth Circuit.
March 9, 1982.
*667 A. D. Freeman, Satterlee, Mestayer, & Freeman, New Orleans, for plaintiff-appellant.
B. Franklin Martin, III, McGlinchey, Stafford & Mintz, New Orleans, for defendant-appellee.
Stephen L. Huber, Mut. Ins. Co., Metairie, for Liberty Mut.
Before REDMANN, GULOTTA, and KLEES, JJ.
KLEES, Judge.
The present suit is one for malicious prosecution by Leaman and Company, Inc., against Victory Iron Works, Inc., and its attorney Joseph E. Friend.
It arises from Victory's attempt to collect the unpaid balance on a promissory note given to Victory for iron and iron works furnished in the construction of a local school by the general contractor-debtor, A. J. Toups Company, Inc. Included as defendants in the suit were Maryland Casualty Company, the statutory bond surety and its insurance agency, Leaman and Company, Inc. Wherein it was alleged that Leaman and Co. representing Maryland Casualty Company, had misrepresented certain facts to Victory which had prevented Victory from being paid and further that Leaman and Maryland Casualty Company had guaranteed that Victory would be paid by Toups.
The note arose out of a compromise regarding a $14,500.00 debt owed Victory Iron Works, Inc., by A. J. Toups, Inc., in an attempt to protect Toups from bankruptcy. Though neither Leaman and Company, Inc., nor Maryland Casualty Company endorsed the note it was alleged that Leaman led Victory Iron Works, Inc., to believe that it had an uncollectable debt and that the only hope of recovering what was due was by accepting the promissory note. It was further alleged that Leaman assured Victory that they would "see to it" that the installments on the note were paid.
In the suit for collection the trial court granted summary judgment in favor of Leaman and Maryland Casualty and Victory Iron Works appealed. The Fourth Circuit reversed and remanded, finding that the claims of misrepresentation as they related to Leaman involved disputed facts which required trail on the merits. By the time the matter came to trial Toup's condition had changed. Toups then settled with Victory Iron Works, Inc., and the suit against Toups was dismissed.
The claim against Leaman and Company was also dismissed over the objection of counsel for the defendant who wanted the plaintiff to present his case.
The present suit was filed alleging an "abuse of process" by Victory Iron Works, Inc. The defendant filed an exception of no cause of action which was sustained and plaintiff's then amended its petition to state a claim for malicious prosecution.
After trial there was a directed verdict in favor of Defendants. Plaintiffs appeal asserting that the trial court erred in granting a directed verdict in favor of defendants. We Affirm.
In Eusant v. Unity Industrial Life Insurance and Sickness Benefits Association of New Orleans, Inc., 195 La. 347, 196 So. 554 (1940), reaffirmed in Hibernia National Bank of New Orleans v. Bolleter, 390 So.2d 842 (La.1980) the Supreme Court set forth the elements that must be alleged and proven to recover in an action for malicious prosecution.

*668 1. The commencement or continuance of an original criminal or civil judicial proceeding.
2. Its legal causation by the present defendant against plaintiff who was defendant in the original proceeding.
3. Its bona fide termination in favor of the present plaintiff.
4. The absence of probable cause for such proceeding.
5. The presence of malice therein.
6. Damage conforming to legal standards resulting to plaintiff.
In this case the existence of the first three elements are clearly established. Plaintiffs argue however, that there was a lack of probable cause resulting from wanton and reckless disregard of the right of the party sued (Leaman) evincing absence of that caution and inquiry a party should employ before filing suit and that malice should be inferred. Nonetheless, probable cause does not depend merely upon the actual state of the facts, but upon the defendants' honest belief of the facts in making the charge against the plaintiff. Culpepper v. Ballard, 344 So.2d 110, (La.App. 2nd Cir. 1977); Whittington v. Gibson Discount Center, 296 So.2d 375 (La.App. 2nd Cir. 1974). The reasonableness of defendants' belief is a question to be determined by the trial court in light of the circumstances existing at the time. Harvey v. Bertaut, 303 So.2d 211 (La.App. 4th Cir. 1974).
The existence of malice may be met either by proof of actual malice, or by inference when there is a lack of probable cause resulting from wanton and reckless disregard of the rights of the party sued evincing absence of caution and inquiry a party should employ before filing a suit. Hibernia National Bank of New Orleans v. Bolleter, supra.
Furthermore, Louisiana courts have not looked upon malicious prosecution suits with favor. In Blanchard v. Employers Liability Assurance Corp., 197 So.2d 386 (La. App. 2nd Cir. 1967), the court said:
"Actions for malicious prosecution, especially those of a civil nature, have never been favored, and in order to sustain them a clear case must be established as where justice has been perverted for the gratification of private malice". 197 So.2d at 389
Public policy requires that all persons have the right to resort to the Courts for redress of wrongs, and the law protects them when they act in good faith and upon reasonable grounds commencing a civil proceeding. Hibernia National Bank of New Orleans v. Bolleter, supra; Johnson v. Pearce, 313 So.2d 812 (La.1975).
Here Plaintiff has failed in his burden to prove there is evidence or inference that the action by Victory Iron Works through Mr. Friend lacked probable cause or was motivated by "specific malice". Rather, Leaman and Company took an active role in the negotiations of the note and in the assurance of payments. When the note came due Victory filed suit not only against the debtor but also Leaman and Company and Maryland Casualty alleging their liability as guarantor of Toup's debt or alternatively, for misleading of Victory into not filing suit by not disclosing the availability of funds to pay the claim and by telling Victory that suit would put Toups out of business.
The district court granted summary judgment in favor of Leaman and Company and Maryland Casualty in the collection suit. On appeal, however, this court reversed as to Leaman and Company finding that although there was no legally binding guarantee, that a claim might exist for fraud or misrepresentation in convincing Mr. Asphrodites (the President of Victory Iron Works) not to pursue his claim against the bonding company. Victory Iron Works, Inc., v. A. J. Toups Co., Inc., 261 So.2d 712 (La.App. 4th Cir. 1972).
On remand, Leaman and Company relies on the deposition of Asphrodites, taken after the rendering of the decision by this court, which seems to indicate that he and Mr. Leaman discussed the possibility of recovery from Maryland Casualty. However, *669 at trial of the instant case, Mr. Asphrodites testified that his deposition was in error and that he and Leaman had never discussed the existence of a bond. Mr. Asphrodites testified that regardless of his knowledge of the existence of the bond, he was misled by Leaman into not pursuing his rights against the bonding company.
We conclude the appellant has shown that there was probable cause as defined by prior jurisprudence, sufficient to warrant the filing of the suit. The action was not based on malice, as required in a claim for malicious prosecution, but grounded in the strong feeling of Mr. Asphrodites that he had been purposefully misled in preserving his claim against the surety.
Concerning the claim of malicious prosecution against Victory's attorney, Joseph E. Friend, the trial court could find no evidence that Mr. Friend was motivated by "specific malice" to file suit and stated:
But I do feel that Mr. Friend had no malice towards Leaman. I do feel that there was enough of a probable cause for him to feel that the way Mr. Asphrodites recited the facts to him, i.e., that as feeling that Leaman was in fact the Maryland Casualty Company in essence, that he was the bondsman, that there was some basis for probable cause for a lawsuit to be filed herein.
We conclude that the record supports the trial court's findings and accordingly the judgment of the trial court is affirmed.
AFFIRMED.
REDMANN, Judge, concurring.
Louisiana's statutory law, C.C. 2315, requires only "fault," and not malice for delictual liability: "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." The "fault" must be sufficient, however, to outweigh the strong public policy of open courts, La.Const. art. 1 § 22, and no such fault is shown here. See dissent, Spencer v. Burglass, 337 So.2d 596, 602 (La.App. 4 Cir. 1976), writ denied 340 So.2d 990 (La.1977).