GAUDIN, Judge.
Appellant is Mrs. Alice P. Eastman, who was unsuccessful in a malicious prosecution action in the 24th Judicial District Court. On appeal she contends that the trial judge erred in finding that Time Saver Stores, Inc., and its employees had probable cause for having her arrested and that appellees acted without malice.
Considering the record, we cannot say that there was no factual basis for the district court’s decree or that the judgment was manifestly erroneous. There was cause for suspicion and very little if any maliciousness, and we affirm the decree in ap-pellees’ favor.
Eleven people testified during this two-day trial, including Carlos Sosa, the supervisor of the Time Saver store where Mrs. Eastman was employed on the 3 p.m. to 11 p.m. shift. There were, he said, repeated cash shortages in that store.
On November 24, 1979, Sosa and William Tolar of the Time Saver security department decided to conduct a surveillance. They helped another Time Saver employee, Arturo Sosa, climb into an air conditioning vent above the cash registers. From this viewpoint, Arturo Sosa said he saw Mrs. Eastman take “... two handfuls of quarters and put one in her pocket and the other one in the register.” He also saw, he said, Mrs. Eastman receive a $20 bill from a customer and “... put it in her pocket.”
Arturo Sosa then described how Mrs. Eastman removed another $20 bill from a special envelope and “... put it in her pocket and put the plastic envelope back to where it was originally.” Store procedure required that monies received from sale of gasoline be placed in these envelopes and deposited in a safe. The envelope in question, Arturo Sosa said, had become “... caught in the slot ... ”, allowing Mrs. Eastman to extricate it and remove its monetary contents.
Store employees then closed the store and called the police.
Mrs. Eastman’s explanation was that she was only temporarily holding the money in her pocket and that she fully intended to place the funds in their proper places.
The trial judge said in his “Reasons for Judgment”:
“Plaintiff’s testimony explaining why she had store money on her person at the time of her arrest seems implausible. The fact that she even carried property on her person was suspicious in and of itself. The explanation by plaintiff does not overcome the other circumstances which led Time Saver to have her arrested. The store employees observing her testified she acted suspiciously when pocketing the money. There had been systematic cash shortages in the store which always coincided with her shift, regardless of whom she worked with.”
In Robinson v. Goudchaux’s, 307 So.2d 287 (La.1975), and again in Hibernia National Bank v. Bolleter, 390 So.2d 842 (La.1980), the Supreme Court of Louisiana defined the elements necessary to support a malicious prosecution claim:
(1) The commencement or continuation of an original criminal or civil proceeding;
(2) Its legal causation by the present defendant against plaintiff who was defendant in the original proceeding;
(3) Its bona fide termination in favor of the present plaintiff;
(4) The absence of probable cause for such proceeding;
(5) The presence of malice therein; and
(6) Damages suffered by the original defendant.
*1165 Considering the facts and circumstances of the instant case, the trial judge could not say, nor can we, that there was an absence of probable cause or that there was any actionable malice. See the Robinson and Hibernia National Bank decisions; also Carter v. Catfish Cabin, 316 So.2d 517 (La.App. 2nd Cir.1975), in which the court stated:
“Reasonable efforts toward crime suppression should not be punished and therefore curtailed by civil liability for simple mistake. However, the efforts must be reasonable; the individual remains obliged to act as a reasonable person would, taking into consideration all of the circumstances. Not every mistake in defending one’s self or community against crime is actionable fault, but only such mistake as is not reasonably justified by the surrounding circumstances.”
Clearly, the systematic shortages during Mrs. Eastman’s shifts and her questionable behavior on the date in question gave Time Saver employees reason to believe that appellant was responsible for at least some of the shortages.
For these reasons, we affirm the judgment in favor of Time Saver and its employees and against Mrs. Eastman.
AFFIRMED.