**AL GEORGE, INC., et al.,**
**Plaintiffs–Appellants,**

v.

**ENVIROTECH CORPORATION,**
**Defendant–Appellee.**

**No. 90–4830.**

United States Court of Appeals,
Fifth Circuit.

Aug. 30, 1991.

Joseph L. Lemoine, Jr., Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Lafayette, La., for plaintiffs-appellants.

A.H. Evans, W. Scott Brown, Vinson & Elkins, Houston, Tex. and William C. Hollier, Lafayette, La., for defendant-appellee.

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM.

## I

The following facts were stipulated by parties. On May 18, 1981, Envirotech initially brought a patent-infringement suit against Al George, Inc. On November 27, 1981, Monosep, Inc. was added to the complaint. Al George and Monosep filed counterclaims for a declaration of patent invalidity, for attorney's fees, and for damages, alleging violations of Louisiana law. The patent-infringement suit, which was tried before a jury, resulted in a verdict in favor of Al George and Monosep. On March 29, 1983, the district court rendered a judgment in accordance with the jury's verdict, holding that Envirotech's patents were invalid and that they had not been infringed. The court dismissed Envirotech's complaint against Al George and Monosep. On their counterclaim for unfair competition, the trial judge awarded Al George and Monosep no attorney's fees or damages.

Envirotech appealed the district court's holdings of non-infringement and patent invalidity to the United States Court of Appeals for the Federal Circuit. In a decision rendered on March 19, 1984, the Federal Circuit affirmed the finding of non-infringement, but vacated the finding of invalidity and remanded the latter issue to the district court with each party bearing its own costs. *Envirotech Corp. v. Al George, Inc.*, 730 F.2d 753 (Fed.Cir.1984).

Upon remand, Envirotech filed an unopposed motion to dismiss the patent-invalidity counterclaim on the ground that the district court was no longer presented with a justiciable controversy. The trial judge granted the motion and entered judgment on October 16, 1984, dismissing the case with costs taxed against Envirotech. Both sides disputed the amount of the taxation of costs and appealed the issue to the Federal Circuit. The parties resolved the dispute over taxable costs by an agreement dated June 30, 1986, and the appeals were dismissed on July 11, 1986, pursuant to a joint motion.

On June 30, 1987, Al George, Inc., Monosep, Inc., and Albert George individually brought this suit against Envirotech Corpo-

ration and Petrolite Corporation[1] for injuries allegedly suffered as a result of the prior patent-infringement suit. Plaintiffs argue that Envirotech's patent-infringement suit was an act of malicious prosecution, in violation of Louisiana law, and was brought for the purpose of furthering a conspiracy to establish an illegal monopoly and restraint of trade, in violation of the federal antitrust laws. The parties stipulate that plaintiffs have properly alleged claims for antitrust and RICO violations, for malicious prosecution, and for unfair competition.

The district court granted Envirotech's motion for summary judgment on the ground that the relevant statutes of limitation had run. The court held that the claims based on the antitrust laws and on RICO were time-barred because they were brought more than four years after Envirotech filed the patent-infringement suit. The court also held that the claim based on malicious prosecution was time-barred because it was brought more than one year after the "bona fide termination of the prior suit."[2] Plaintiffs contest both holdings of the district court. We affirm for essentially the same reasons as stated in the district court's ruling.

## II

■ We apply the same standard as the trial court in reviewing a summary-judgment decision. *Phillips Oil Co. v. OKC Corp.*, 812 F.2d 265, 272 (5th Cir.), *cert. denied*, 484 U.S. 851, 108 S.Ct. 152, 98 L.Ed.2d 107 (1987). We will affirm if, when "viewed in the light most favorable to the party opposing the motion, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Id.*; Fed.R.Civ.P. 56.

## III

■ The parties agree that 15 U.S.C. § 15b provides the governing statute of limitations for the antitrust claims.[3] That statute provides, in relevant part, as follows:

Any action to enforce any cause under sections 15, 15a, or 15c of this title shall be forever barred unless commenced within four years after the cause of action accrued.

Plaintiffs agree that Envirotech's filing of its patent-infringement suit in May 1981 was the initial act that injured Plaintiffs' business. That act would, under normal circumstances, be the time of accrual. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 338, 91 S.Ct. 795, 806, 28 L.Ed.2d 77 (1971). However, plaintiffs invoke the theory of "continuing conspiracy" to argue that new causes of action continued to accrue so long as Envirotech pursued its litigation against the plaintiffs.

In *Zenith* the Supreme Court stated the continuing-conspiracy exception as follows:

In the context of a continuing conspiracy to violate the antitrust laws, ... this has usually been understood to mean that each time a plaintiff is injured by an act of the defendants a cause of action accrues to them to recover the damages caused by that act and that, as to those damages, the statute of limitations runs from the commission of the act.

*Id.* We too have recognized the continuing-conspiracy theory. In *Poster Exchange, Inc. v. National Screen Service Corp.*, 517 F.2d 117 (5th Cir.1975), *cert. denied*, 423 U.S. 1054, 96 S.Ct. 784, 46 L.Ed.2d 643 (1976), we dealt with an alleged conspiracy among the defendants not to sell certain items to the plaintiff. The defendants stopped supplying the item more than four years before the plaintiff filed its antitrust suit. Holding that the cause of action accrued when the defendants halted the supply, the district court granted summary judgment for the defendants on the grounds that the suit was necessarily time-barred. Applying *Zenith*

---

1. Petrolite was dismissed from the suit.

2. Plaintiffs do not contest the summary judgment decision regarding the unfair competition claims.

3. RICO claims are subject to the same limitations period. *Agency Holding Corp. v. Malley–Duff & Associates, Inc.*, 483 U.S. 143, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987).

we reversed and remanded for a determination whether "there had been a specific act or word of refusal [by defendants to deal with plaintiff] during the limitations period." *Id.* at 129.

Plaintiffs argue that, although Envirotech's patent-infringement lawsuit was filed more than four years before this suit was brought, Envirotech committed overt acts in furtherance of its conspiracy to violate the antitrust laws every time it acted in pursuance of that litigation; for example, when it opposed the taxing of costs against it. And each overt act caused the limitations period to start over. As plaintiffs put it, "Envirotech's legal hammering continued through at least June 30, 1986 (when Envirotech disputed all costs and asked for attorneys' fees for alleged false verification of George's cost bill, which contention Judge Shaw found, 'lacked merit')."

In support of their argument, plaintiffs cite *Imperial Point Colonnades Condominium v. Mangurian,* 549 F.2d 1029 (5th Cir.), *cert. denied,* 434 U.S. 859, 98 S.Ct. 185, 54 L.Ed.2d 132 (1977), which involved a tying agreement that was formed more than four years before the suit was brought. The tying agreement, however, was enforced—payments were collected—within the limitations period. We held that, "under *Zenith* and *Poster Exchange,* a new cause of action for conspiracy should accrue upon the commission of each such act of collection." *Id.* at 1043. Plaintiffs argue that Envirotech's patent-infringement suit is similar to the illegal contract in *Imperial Point.* They argue, similarly, that the overt acts in pursuance of "illegal" litigation created new causes of action with new limitations periods.

Envirotech argues in response that a lawsuit is different from an illegal contract in an important sense. Envirotech relies on the following passage from *Poster Exchange:*

[C]ontinuing antitrust conduct resulting in a continued invasion of a plaintiff's rights may give rise to continually accruing rights of action. It remains clear nonetheless that a newly accruing claim for damages must be based on some injurious act actually occurring during the limitations period, *not merely the abatable but unabated inertial consequences of some pre-limitations action. Id.* at 128 (footnote omitted; emphasis added). Envirotech contends that acts in pursuance of a lawsuit that was filed before the limitations period are "merely the abatable but unabated inertial consequences of some pre-limitations action" and therefore do not constitute overt acts that would cause the limitations period to run anew.

Although we have never addressed this precise question, at least one circuit has adopted the position argued by Envirotech. In *Pace Industries v. Three Phoenix Co.,* 813 F.2d 234 (9th Cir.1987), the court stated its reasoning and holding as follows:

The initiation of a lawsuit is the final, immutable act of enforcement of an allegedly illegal contract. At that point in time the lawsuit assumes an existence separate from the contract. All subsequent acts are controlled by the exigencies of litigation, not enforcement of the contract. The complaint puts the aggrieved party on notice that there is a possible antitrust violation. In every lawsuit, a party has a right, and an attorney has a duty, to prosecute or defend vigorously. Furthermore, no new injury results from the act of appealing that the defendant does not already endure as a result of the act of filing the action initially. This is true because the reasonable expectation from the commencement of a lawsuit is that the plaintiff will pursue the litigation until it prevails or the last appeal is exhausted.

. . . .

We hold that the last overt act in the enforcement of this contract was the initiation of the lawsuit in state court. Any injury to Pace resulting from continued prosecution through the normal course of the appellate process relates back to the initial decision to file. The complaint put Pace on notice of a possible antitrust violation and Pace should have counterclaimed or filed a separate action within the time mandated by the statute. Awaiting the outcome of the litigation

served no purpose except to delay final resolution. *Id.* at 238–39; *see also Korody–Colyer Corp. v. General Motors Corp.*, 828 F.2d 1572, 1578–79 (Fed.Cir.1987) (citations omitted).

We agree with the Ninth Circuit's reasoning. We therefore hold that the last overt act in pursuance of the alleged conspiracy was Envirotech's filing of its patent-infringement suit in 1981. Therefore, the period of limitations on that cause of action ran in May 1985, almost two years before the plaintiffs filed this action.

## IV

 Plaintiffs next contest the dismissal of their Louisiana malicious-prosecution claim. They do not dispute the district court's conclusion that such claims are governed by Louisiana's liberative prescription of one year. La.Civ.Code Ann. art. 3492 (West Supp.1990). The question concerns the time at which the prescription begins to run. One element of a malicious-prosecution claim is a "bona fide termination" of the prior suit in favor of the present plaintiff. *Hibernia Nat'l Bank of New Orleans v. Bolleter*, 390 So.2d 842 (La.1980); *Robinson v. Goudchaux's*, 307 So.2d 287 (La.1975). The district court found that the "bona fide termination" of the patent-infringement suit took place either on March 19, 1984—when the Federal Circuit issued its opinion affirming the district court's judgment of non-infringement and when plaintiffs failed to seek certiorari—or on October 16, 1984—when the district court dismissed the counterclaim for patent invalidity. Plaintiffs argue that Envirotech's patent-infringement suit was not finally terminated until July 11, 1986, when, pursuant to the parties' June 30 agreement, the Federal Circuit dismissed the appeal of the cost-taxing issue.

Thus the issue is whether the taxation of costs postponed the bona fide termination of the prior patent-infringement suit. There is no Louisiana law directly on point. We are persuaded, however, that the bona fide termination of Envirotech's action occurred when the Federal Circuit affirmed the district court's judgment that Envirotech's action was brought erroneously. This holding is consistent with the policy underlying the Louisiana bona-fide-termination requirement:

> [A] party bringing a suit should not be made to defend his right to bring such until it is fully determined at trial that the original action was erroneously brought.... After such judgment, the original party defendant may then bring an action for malicious prosecution....

*Lees v. Smith*, 363 So.2d 974, 978 (La. App.3d Cir.1978) (citation omitted). *Cf. Offshore Production Contractors, Inc. v. Republic Underwriters Ins. Co.*, 910 F.2d 224, 229 (5th Cir.1990) ("A judgment is 'final' when it terminates litigation on the merits of the case and leaves the court with nothing to do except execute the judgment.") (quoting *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 199, 108 S.Ct. 1717, 1720, 100 L.Ed.2d 178 (1988)); Fed.R. Civ.P. 58 ("Entry of judgment shall not be delayed for the taxing of costs.").

For the reasons discussed above, the district court's judgment is AFFIRMED.