CARAWAY, J.,
dissenting.
11 Like the majority and the jury, I recognize Cowart’s zeal to expose Cupp’s problems and punish Birch. Such zealous behavior began, however, in May 2007, with her incessant reporting to law enforcement agencies. From my view, it is important to ask whether that zeal crossed the line for actionable malice and, if so, precisely when. I use malice not only because such intent might meet the immoral, unethical, oppressive and unscrupulous measure for a LUTPA claim, but because of the additional claim of malicious prosecution to which Cowart’s conduct might be compared.
The overzealous reporting of a crime or a person’s alleged bad acts can result in an *878 action for malicious prosecution. A successful claim for malicious prosecution requires proof of six elements: 1) the commencement or continuance of an original criminal or civil judicial proceeding; 2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; 3) its bona fide termination in favor of the present plaintiff; 4) the absence of probable cause for such proceeding; 5) the presence of malice therein; and 6) damages conforming to legal standards resulting to plaintiff. Hibernia Nat’l Bank of New Orleans v. Bolleter, 390 So.2d 842 (La.1980); Robinson v. Goudchaux’s, 307 So.2d 287 (La.1975); LeBlanc v. Pynes, 46,393 (La.App.2d Cir.7/13/11), 69 So.3d 1273, writ denied, 11-1792 (La.10/14/11), 74 So.3d 213.
Under this test, Cowart’s zeal, which might be equated to a general immoral notion of malice, falls far short of actionable malicious prosecution. Certainly, the BOP proceeding was legitimately commenced in | ¾2007 along with criminal investigations. Those pending proceedings cannot be said to have rested alone upon trumped-up charges by Cowart, caused solely by her zeal and false reporting. The BOP proceeding was a separate, independent investigation alleging violations of criminal law. That investigation ultimately led to sanctions and the suspension of Birch’s license in January 2008. The fact that the criminal investigation led to no criminal charges does not mean that it was an investigation without any evidence of criminal mishandling of prescription drugs, resting only on Cowart’s overzealous false charges of misconduct.
Never favored in our law, a malicious prosecution action must clearly establish that “the forms of justice have been perverted to the gratification of private malice and the willful oppression of the innocent.” Johnson v. Pearce, 313 So.2d 812, 816 (La.1975). The BOP did not find Birch innocent. Thus, as a matter of first importance to me, I am convinced that Cowart’s zealous reporting to multiple officials of conduct which she regarded as criminal violations was not sanctionable under the disfavored malicious prosecution action. Importantly, the action is disfavored because of a policy favoring the citizen’s right to report actions which are believed to be a crime. So all of her reporting prior to her contact with Walgreens was not actionable under our well-developed law of malicious prosecution. Then, after she makes “vague” statements to Wal-greens indicating her belief that criminal misconduct was present and under investigation, she is charged under LUTPA. Her zealous and, even malicious, statements in the first setting are protected from civil liability by important policy under onelsbody of our law; yet under LUT-PA, can we now view those statements as against public policy and immoral, unethical, oppressive or unscrupulous?
“The range of prohibited practices under LUTPA is extremely narrow.” Cheramie Services, Inc. v. Shell Deepwater Production, Inc., 09-1633 (La.4/23/10), 35 So.3d 1053, 1060. Importantly, before reaching any question of public policy "or immoral conduct, the statute is narrowly focused with language of “trade,” “commerce” and “competition.” La. R.S. 51:1405(A) defines the LUTPA claim as follows:
Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.
Trade and commerce are defined under LUTPA, as follows:
“Trade” or “commerce” means the advertising, offering for sale, sale, or distribution of any services and any property, corporeal or incorporeal, immovable or movable, and any other article, com *879 modity, or thing of value wherever situated, and includes any trade or commerce directly or indirectly affecting the people of the state.
La. R.S. 51:1402(10).
Cowart’s action in contacting Walgreens was not an unfair method of competition. She was not in competition with Cupp. From the actual language of the statute, her action was not in trade or commerce. As admitted in appellee’s brief and recognized by the majority, “there was no legitimate business reason to make the call— calling Walgreens was not sound business.” (Emphasis in brief.) There was no economic benefit to Cowart such that it can be said that she employed an unscrupulous business tactic as unfair competition for her personal gain. She was not shown to have acted in concert with Simmons to gain an unfair advantage for his Lbusiness. Her zeal in reporting Cupp’s crimes and fraud had caused her continuous accusations to others before Wal-greens, and this former Drug Enforcement Agent would not let it go, unjustifiably in the eyes of the jury. Yet, overzealous dislike for Cupp is not unfair competition and trade.
A case cited with approval by our Supreme Court in Cheramie, supra, is Bolanos v. Madary, 609 So.2d 972 (La.App. 4th Cir.1992), writ denied, 615 So.2d 339 (La.1993). In that case, the defendant was a creditor and minority shareholder of the plaintiff company. The defendant had made numerous assertions to government agencies regarding the plaintiffs alleged Small Business Administration rule violations and government contract improprieties. In the summary judgment context of Solanos, the Court of Appeal assumed the defendant’s reporting to the government agencies to be untrue, but the court still found that such actions did not fall to the level of an immoral and unscrupulous LUTPA violation.
Here, unlike Bolanos, Cowart’s vague assertion to Walgreens of criminal and other proceedings against Birch and Cupp was not false, and one of those pending investigatory proceedings imposed serious sanctions. Likewise, Cowart’s action had no connection to business such that it can be said that an unfair trade act or unscrupulous competition occurred. This ill-defined and punitive measure we label LUT-PA has been given improper definitional force in this case, and I respectfully dissent.